UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KEYBANK NATIONAL ASSOCIATION** | ) ) ) | CASE NO. 3:04CV 7006 |
| PLAINTIFF, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | |
| **1998 SEA RAY 480DB, ET AL.** | ) ) | **OPINION AND ORDER** |
| DEFENDANT. | ) ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon the Motion of Plaintiff KeyBank National Association, for Summary Judgment and Plaintiff's Motion to Strike. Upon careful consideration and review of the applicable law the Plaintiff's Motion for Summary Judgment against Catawba Island Club and Marina-South is denied, and the Motion to Strike is denied. Plaintiff's Motion for Summary Judgment against Unizan Bank is granted as there are no genuine issues of fact and Plaintiff is entitled to judgment as a matter of law.

### I. FACTUAL BACKGROUND

Plaintiff's Complaint alleges that on September 25, 2000, Alan B. Satterwhite and Yvonne Satterwhite ("the Satterwhites") executed a Fixed Rate Consumer Note, Disclosure and Security Agreement in favor of KeyBank. In exchange for the sum of five hundred fifty thousand one hundred fifty dollars, the Satterwhites agreed to pay two hundred and forty monthly installments of five thousand

four hundred ninety four dollars and ninety six cents. On April 27, 2001, the Satterwhites executed a Preferred Ship Mortgage covering the 1998 Sea Ray 480DB ("vessel"). The terms of the mortgage stated that the Satterwhites granted all their interest in the vessel to KeyBank. Subsequently, the Satterwhites defaulted on their underlying Fixed Rate Consumer Note by failing to make their monthly payments. KeyBank filed their Mortgage Lien on May 14, 2001. Thus, there remains a balance due and owing KeyBank in the amount of five hundred thirty thousand two hundred thirteen dollars and twenty eight cents together with interest at a rate of ten and a half percent per annum, accruing from October 20, 2003.

After KeyBank filed its mortgage lien, three additional liens were filed upon the same vessel. Unizan Bank ("Unizan") claims an interest in the vessel by virtue of its lien filed on July 7, 2003 with the National Vessel Documentation Center, United States Coast Guard, in the amount of seven hundred sixty four thousand six hundred three dollars and ninety five cents and any interest that has accrued. Unizan's lien is not a maritime lien, nor did it arise prior to the filing of the mortgage by KeyBank. Catawba Island Marina South ("Marina-South") filed its lien on August 15, 2003, in the amount of ten thousand six hundred eighty nine dollars and fifty four cents. Lastly, Catawba Island Club ("The Club") filed its lien on September 29, 2003, in the amount of four thousand four hundred forty three dollars and fifty one cents.

On January 7, 2004, prior to KeyBank's initiation of the lawsuit, an Acknowledgment and Agreement was signed between KeyBank, The Club, and Marina-South. This document acknowledges that the liens placed on the vessel by The Club and Marina-South are valid and subsisting maritime liens that have priority over KeyBank's preferred ship mortgage. This document was introduced into evidence by KeyBank on January 9, 2004 as it was attached to Plaintiff's Motion

for Order Appointing Substitute Custodian of a Vessel.

Procedurally, KeyBank filed its In Rem Complaint to foreclose the preferred ship mortgage on January 9, 2004. Unizan responded by filing its Answer on February 11, 2004, acknowledging the lien they had filed against the vessel on July 7, 2003. Marina-South and The Club filed their Answer to KeyBank's Complaint on or about March 23, 2004. Default Judgment was entered on September 23, 2004, against Alan and Yvonne Satterwhite.

## II. LAW AND ANALYSIS

### Standard of Review

### Motion for Summary Judgment

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242 (1986). Moreover, the court must view all evidence and reasonable inferences in favor of the nonmoving party, in order to determine whether or not there is a genuine issue of material fact for trial. *Id.* at 255.

Generally, a preferred ship mortgage, such as that held by the Plaintiff, would take priority over any maritime liens placed after the filing of the preferred ship mortgage. 46 U.S.C. §953 (1975). However, any priority lien-holder may waive his preference by his conduct either expressly or impliedly. *The Eastern Shore*, 31 F. Supp. 964 (1940). Here, Plaintiff has waived its right to assert

priority by voluntarily subordinating its mortgage claim to the existing liens of The Club and Marina-South in the Acknowledgment and Agreement attached to the Plaintiff's Motion for Order Appointing Substitute Custodian of a Vessel. This document constitutes a waiver of the Plaintiff's mortgage priority.

As a result, KeyBank's actions prior to the filing of this lawsuit, in waiving their priority of the Preferred Ship Mortgage in favor of the Maritime Liens held by The Club and Marina-South bars KeyBank's chances of prevailing on their Motion for Summary Judgment. Therefore, Plaintiff's Motion for Summary Judgment against The Club and Marina-South is denied.

Plaintiff's Motion for Summary Judgment against Unizan Bank is granted as there are no genuine issues of material fact. Unizan Bank admits in their Response to Plaintiff's Motion for Summary Judgement that the liens placed by The Club and Marina-South have priority over their lien. Unizan has asserted and acknowledged their only interest in the current action is any excess proceeds generated from the sale of the vessel after payment of the liens to KeyBank, Marina-South, and The Club.

### Motion to Strike

The standard for evaluating a motion to strike is that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). In this instance, the Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment was properly filed under Rule 56(e), which states that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

The Defendants relied on a signed Agreement and Acknowledgment that was entered into

evidence by the Plaintiff.  This signed agreement states that KeyBank acknowledges that The Club and Mariana-South's liens have priority over their own preferred ship mortgage. Thus, the Defendants were not simply relying on mere allegations or denials of the Plaintiff's pleadings, but instead citing a specific document, already introduced into evidence by the Plaintiff, which waived the Plaintiff's right to priority over the Defendant's liens. FED. R. CIV. P. 56(e).  The Plaintiff contends that since the Defendants failed to attach any affidavits to support their memorandum it should be stricken from the record. However, Rule 56(e) states that affidavits *may* be attached but they do not *have* to be so long as the adverse party sets forth specific facts showing there is a genuine issue for trial (*italics added*).  The Defendant's Memorandum in Opposition was properly filed, therefore, the Plaintiff's Motion to Strike is denied.

       IT IS SO ORDERED.

Date: September 28, 2005                          s/ Christopher A. Boyko
                                                         Christopher A. Boyko
                                                         United States District Judge

                                                         Original with signature on file